NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DIVX, LLC,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC,**
*Appellee*

_____

2023-1699

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-01476.

_____

Decided:  June 24, 2025

_____

PARHAM HENDIFAR, Lowenstein & Weatherwax LLP, Santa Monica, CA, argued for appellant.  Also represented by NATHAN NOBU LOWENSTEIN, KENNETH J. WEATHERWAX, COLETTE WOO.

ANGELA M. OLIVER, Haynes and Boone, LLP, Washington, DC, argued for appellee.  Also represented by ADAM LLOYD ERICKSON; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX; ROSHAN MANSINGHANI, JESSICA

LEANN ANDERSEN MARKS, Unified Patents, LLC, Chevy Chase, MD.

_____

Before LOURIE, DYK, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

DivX, LLC (DivX) appeals a final written decision of the Patent Trial and Appeal Board (Board), which concluded that the two independent claims in U.S. Patent No. 10,326,987 ('987 patent) were unpatentable under 35 U.S.C. § 103. *Unified Pats., LLC v. DivX, LLC*, No. IPR2021-01476, 2023 WL 1077109 (P.T.A.B. Jan. 20, 2023) (*Decision*). We *affirm*.

## DISCUSSION

DivX's '987 patent "generally relates to adaptive bitrate streaming" of media in playback devices.[1] '987 patent col. 1 ll. 22–24. The '987 patent acknowledges that the prior art already taught playback devices capable of adaptive bitrate streaming. *See id.* col. 1 ll. 36–46. The patent claims a playback device which uses *two* adaptive bitrate streaming methods—one adaptive bitrate method applies "during an initial startup period" of playback, whereas a second, different adaptive bitrate scheme applies during playback after "a minimum buffer level criterion is satisfied." *Id.* at claim 1. Notably, the first adaptive bitrate scheme in the claimed playback device does not consider the state of the buffer, whereas the second adaptive bitrate scheme does. *See id.*

Unified Patents, LLC (Unified) petitioned for *inter partes* review. The Board instituted review and concluded

---

[1]    Playback devices receive media content from an external source and play the content back to the user. Examples include personal computers, mobile phones, and televisions. *See* '987 patent col. 7, ll. 28–35.

that claims 1 and 10 were unpatentable as obvious over a combination of Biderman[2] and Gigliotti.[3]

The Board found that Biderman disclosed, among other things, the first adaptive bitrate scheme—what the claimed playback device uses "during an initial startup period." *Decision*, 2023 WL 1077109, at *6–8. The Board also found that Biderman in combination with Gigliotti taught the second adaptive bitrate scheme—what the claimed playback device uses "when a minimum buffer criterion level is satisfied." *Id.* at *8–15. Finally, the Board found that a skilled artisan would have been motivated to combine Gigliotti with Biderman because Gigliotti, which teaches a skilled artisan to consider the state of a buffer as part of its adaptive bitrate switching scheme, can help mitigate some shortcomings in Biderman's adaptive bitrate streaming method. *Id.* at *15–18. DivX appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DivX does not challenge the Board's finding that a skilled artisan would be motivated to combine the teachings of Gigliotti with Biderman. Instead, on appeal, DivX primarily argues that such a reference combination would only teach a playback device that incorporates Gigliotti's teachings—consideration of the state of Biderman's buffer—for the *entire* playback process, whereas the claim requires consideration of the state of the buffer *only after* the initial startup period of playback. Additionally, DivX contends that Unified did not show that the very idea of using two different stream selection methods during playback existed in the prior art. We reject both contentions.

As to DivX's first argument, DivX does not challenge the Board's finding that a skilled artisan would leverage

---

[2]    WIPO Patent Appl. Publ'n No. WO 2010/078281 (J.A 897–1023).

[3]    U.S. Patent Appl. Publ'n No. 2009/0307367 (J.A. 1024–42).

Gigliotti's teachings to improve Biderman's method. Nor does DivX dispute that adding Gigliotti's adaptive bitrate scheme during Biderman's playback process necessarily would improve Biderman for that part of the process. The Board's conclusion that a skilled artisan would adopt Gigliotti's teachings for only a portion of the playback, according to DivX, still leaves "Biderman's flawed methodology" in the picture for some parts of the playback. Appellant Br. 3. But "[i]t's not necessary to show that a combination is the *best* option, only that it be a *suitable* option." *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1380 (Fed. Cir. 2023) (alteration in original) (citation omitted).

DivX's second argument contradicts the record because Gigliotti itself teaches a playback device that embodies two different stream selection methods. The Board found that Gigliotti's playback device, at the beginning of playback, "may stream media at a first bit rate to fill an initial buffer residing on the client" and subsequently outputs this stream to the user. *Decision*, 2023 WL 1077109, at *5 (citing J.A. 1036–37 ¶¶36–39). During this initial playback period, the device might select "a relatively low bit rate value to ensure uninterrupted . . . streaming of media." J.A. 1036 ¶ 36. But as playback continues, Gigliotti's playback device then begins to fill a separate buffer and transitions to an adaptive bitrate scheme. *See Decision*, 2023 WL 1077109, at *5 (discussing J.A. 1027 FIG. 3); *see also* J.A. 1027 FIG. 3 (flowchart showing that Gigliotti's adaptive switching scheme, steps 310–316, kicks in after some content has already been outputted to the user, step 306). The Board's finding is supported by substantial evidence.

We have considered DivX's remaining arguments but find them persuasive. We therefore *affirm*.

**AFFIRMED**